UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES McCOY,<br>Inmate #488-128,<br><br>                        Plaintiff,<br><br>vs.<br><br>WENDY McMAHON, President, CBS;<br>JULIE McNAMARA, Representative,<br>CBS,<br><br>                        Defendants. | Case No. 3:22-cv-00385-CAB-BGS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Charles McCoy, incarcerated at Southeast Correctional Institution ("SCI") in Lancaster, Ohio, is proceeding pro se and has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl. ECF No. 1. McCoy did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

      While his allegations are sparse, it appears McCoy seeks to sue the President and a another representative of CBS Paramount Television for copyright infringement and

"plagiarizing [his] pitch" for a CBS sitcom entitled "B Positive." *See* Compl. at 2–4. He seeks injunctive relief preventing "any further rerunning" of the sitcom during the 2022 season and $3 million in compensatory damages. *Id.* at 7.

**I.      Motion to Proceed IFP**

    A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like McCoy, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without

prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

B. <u>Discussion</u>

As noted, McCoy's factual allegations are bare, but he appears to claim Defendants committed fraud and acts of negligence in violation of the Copyright Act of 1976. *See* Compl. at 3, 4. His Complaint includes no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Even if he *had* alleged to face imminent danger at SCI at the time of filing, any such danger could not possibly stem from the violations of law alleged in his Complaint—copyright infringement against representatives of a global media conglomerate, whose counties of residence are alleged to be unknown.[1] *See Ray*,

---

[1] The Court notes that McCoy chose to file this action in the Southern District of California, but does not allege that his claim arose here, or that either Defendant resides or may be found in San Diego or Imperial Counties. *See* 28 U.S.C. 84(d) ("The Southern District

1  31 F.3d at 701.

2  Thus, regardless of their questionable merit, McCoy's copyright infringement allegations clearly do not meet § 1915(g)'s imminent danger exception. *See e.g., Ruth v. Warden,* 2021 WL 130007, at *2 (E.D. Cal. Jan. 14, 2021) (finding allegations that a prisoner's "personal property and original ideals (patents, copyrights, and trademarks) ha[d] been stolen" insufficient to qualify for § 1915(g)'s imminent danger exception), *report and recommendation adopted,* 2021 WL 695050 (E.D. Cal. Feb. 23, 2021).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of federal court docket proceedings available on PACER[2] and finds that Plaintiff Charles McCoy, currently identified as Ohio Inmate #488-128, while incarcerated, has had three prior civil actions dismissed on the grounds that they were

---

comprises the counties of Imperial and San Diego."). McCoy has used the Court's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, *see* Compl. at 1, but he does not allege either Defendant violated his federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Instead, McCoy alleges violations of the Copyright Act of 1976. *See* Compl. at 3, 4. In copyright cases, venue is proper "in the district in which the defendant or his agent resides or may be found." *See* 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923).

[2] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)   *McCoy v. Martin*, Civil Case No. 2:06-cv-00915-GCS-MRA (S.D. Ohio, Eastern Division, Nov. 15, 2006) (Report and Recommendation ["R&R"] to Dismiss Complaint "for failure to state a claim under 42 U.S.C. § 1983") (Doc. No. 3 at 3); *id.*, (S.D. Ohio, Eastern Division, Jan. 30, 2007) (Order Adopting R&R, Overruling Objection, and Directing Clerk to enter Judgment for Defendant) (Doc. No. 8) (strike one);

(2)   *McCoy v. Oswalt*, Civil Case No. 2:07-cv-00230-MHW-TPK (S.D. Ohio, Eastern Division, March 22, 2007) (R&R to Dismiss civil action "in its entirety" both for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (Doc. No. 8 at 5–6); *id.*, (S.D. Ohio, Eastern Division, June 7, 2007) (Order Adopting R&R and Denying Motion to Amend/Correct) (Doc. No. 11) (strike two); and

(3)   *McCoy v. Stokes*, Civil Case No. 2:12-cv-00655-JLG-TPK (S.D. Ohio, Eastern Division, Sept. 10, 2012) (R&R to Dismiss Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (Doc. No. 7); *id.* (S.D. Ohio, Eastern Division, Oct. 25, 2012) (Opinion and Order Adopting R&R, Overruling Objections, Dismissing Complaint for failing to state a claim, and Denying Motion to Amend) (Doc. No. 10) (strike three).

Accordingly, because McCoy has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make any "plausible allegations" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

///
///
///

## II. Conclusion and Order

For the reasons discussed, the Court **DENIES** McCoy's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without prejudice based on McCoy's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

Dated: July 20, 2022

Hon. Cathy Ann Bencivengo
United States District Judge